NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESSIE LEWIS, *Appellant*.

No. 1 CA-CR 15-0301
FILED 7-28-16

Appeal from the Superior Court in Maricopa County
No. CR2014-146307-001
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

Jessie Lewis, Yuma
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Judge John C. Gemmill joined.

**T H U M M A**, Judge:

**¶1**     This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Jessie Lewis has advised the court that, after searching the entire record, counsel has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Lewis was given the opportunity to file a supplemental brief pro se, and has done so.[1] This court has reviewed the record and has found no reversible error. Accordingly, Lewis' conviction and resulting sentence are affirmed.

## FACTS[2] AND PROCEDURAL HISTORY

**¶2**     In September 2014, Phoenix Police Officer Mullen received an anonymous tip about a man wearing red and white clothing selling drugs

---

[1] Lewis also filed three additional motions and an inquiry. The first motion requests new DNA and fingerprint analysis on a gun. The initial analysis was inconclusive, and there is nothing to suggest new analysis would produce different results. Accordingly, the motion is denied. The second and third motions are requests for two pre-trial transcripts from September and December 2014. These hearings occurred months before the evidentiary hearing and trial, and Lewis has not demonstrated how they would materially alter his appeal. Accordingly, those motions are denied. Lewis also filed an "Inquiry as to the State['s] Response to Appellant['s] Supplemental Brief," indicating he is awaiting the State's answering brief. This is an *Anders/Leon* appeal, and the State is not required to file an answering brief. Accordingly, although acknowledging Lewis' inquiry, the inquiry requires no action by this court.

[2] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).

near Pima Street and 13th Avenue in Phoenix. Officer Mullen drove toward the area and noticed Lewis riding a bike against traffic without lights, in violation of Arizona Revised Statutes (A.R.S.) sections 28-815(A) and -817(A) (2016).[3] He also noticed Lewis matched the description provided in the anonymous tip and decided to stop Lewis to question him. Officer Mullen called two officers to assist. As the three officers attempted to locate and surround Lewis, they saw him head into a convenience store. When Lewis left the store, the officers approached him in their patrol cars and Lewis began quickly walking with his bike away from the officers. When the officers got out of their cars and began walking toward Lewis, he took a camouflage holster with a handgun from his waistband and threw it over a nearby fence.

¶3        Officer Mullen recognized Lewis from a drug-related arrest in 2011 and knew he was a convicted felon who could not lawfully possess a deadly weapon. *See* A.R.S. § 13-3102(A)(4), -3101(A)(7)(b). The officers arrested Lewis and seized the holster and gun. They also issued a citation for the traffic violations. Lewis was then charged first by a direct complaint and then by Indictment with misconduct involving weapons, a Class 4 felony.

¶4        Lewis pled not guilty and filed a motion for self-representation, which the court granted after an appropriate hearing. While self-represented, Lewis filed more than 30 additional motions. The court denied most of those motions without comment, but granted a motion for an extension of time to challenge the grand jury proceedings and two motions for temporary removal of court files, transcripts and exhibits. After an evidentiary hearing, the court denied Lewis' motion to suppress and motion to challenge the grand jury proceedings. The State made pre-trial filings including allegations of aggravating circumstances and historical prior felony convictions.

¶5        During the five-day trial in March 2015, the State presented six witnesses: three police officers, a crime laboratory employee who tested the gun, a crime laboratory employee who analyzed fingerprints on the gun and Lewis' former parole officer. After the State rested, Lewis called five witnesses: a private investigator, his former parole officer and the same three officers. In rebuttal, the State called as a witness the owner of the convenience store Lewis entered before his arrest.

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶6 After final instructions and closing argument, the jury deliberated and found Lewis guilty as charged. At sentencing, the court admitted evidence regarding Lewis' prior felony convictions and found Lewis had six prior felony convictions, at least three of which constituted historical prior felonies. *See* A.R.S. § 13-105(22)(d). Lewis filed several motions, including for a new trial, which the court denied. The court then sentenced Lewis for a Class 4 non-dangerous but repetitive offense. After considering the presentence report and hearing from counsel and Lewis, the superior court sentenced Lewis to 11 years in prison, a sentence more than presumptive, with 220 days of presentence incarceration credit.

¶7 This court has jurisdiction over Lewis' timely appeal pursuant to A.R.S. §§ 12–120.21(A)(1), 13-4031, and -4033.

## DISCUSSION

¶8 This court has reviewed and considered counsel's brief and Lewis' pro se supplemental brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and briefs reveals no reversible error. The record shows Lewis properly and voluntarily waived his right to counsel and had access to advisory counsel at all relevant stages of the proceedings. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within statutory limits and permissible ranges. Lewis raises three arguments in his pro se supplemental brief, which this court addresses in turn.

## I. Substantial Evidence Supports The Conviction.

¶9 Lewis argues that because the police department was unable to confirm the fingerprints found on the gun belonged to him, there is insufficient evidence to prove he was in possession of a gun in violation of A.R.S. § 13-3102(A)(4). However, the jury heard testimony from three police officers who saw Lewis remove the gun from his waistband and throw it over a fence. This testimony constitutes "substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a).

## II. The Superior Court Did Not Err By Denying Lewis' Motion To Suppress.

¶10 Lewis argues the superior court, after holding an evidentiary hearing, erred by denying his motion to suppress evidence of the gun, arguing it was illegally seized. Lewis argues the initial traffic stop that led to his arrest was unlawful because an officer other than Officer Mullen

wrote the traffic citation, although the violations occurred only in Officer Mullen's presence. Lewis cites A.R.S. § 13-3883(B) to support the claim that the citation itself is invalid, and therefore the initial stop leading up to the citation was unlawful. However, the statute does not require the officer who witnesses the violation to write the citation. Instead, by statute, "[a] peace officer, or duly authorized agent or someone paid to act on behalf of a traffic enforcement agency, may issue the traffic complaint." A.R.S. § 28-1593(B). Given that Officer Mullen witnessed Lewis in violation of two traffic statutes, the superior court properly could have concluded Officer Mullen had probable cause to stop Lewis, and did so lawfully. This remains true even though another officer wrote the citation.

¶11        Lewis argues his right to privacy was violated because Officer Mullen disturbed him without authority of law, citing Article 2, Section 8 of the Arizona Constitution and the Fourth Amendment to the United States Constitution. Because Officer Mullen is a police officer, however, he has the authority to stop and question citizens committing traffic violations on public streets. *See* A.R.S. § 13-3883(B). Lewis' right to privacy was not violated as a result of his initial traffic stop and subsequent arrest.

¶12        Lewis argues that because the traffic violations were not the basis for his arrest, and were not included in the direct complaint or Indictment, Officer Mullen did not have probable cause to arrest him. Officer Mullen, however, had probable cause to stop Lewis for a traffic violation. While executing that stop, Officer Mullen witnessed Lewis throw a holstered gun. That, coupled with Officer Mullen's recognition that Lewis was a convicted felon who could not properly possess a firearm, would support the superior court's finding he had probable cause to arrest Lewis for misconduct involving weapons. *See* A.R.S. § 13-3883(A)(1). Lewis further argues that Officer Mullen deprived him of his right to due process by failing to list all the elements of the crime on the traffic citation. However, Lewis has not shown that due process requires the elements of an unrelated crime to be listed on a traffic citation, in addition to the direct complaint or Indictment, simply because the arrest followed a traffic violation. On this record, the superior court did not err by denying Lewis' motion to suppress.

### III.    Lewis Has Shown No Violation Of A Right To Possess Firearms.

¶13        Lewis argues A.R.S. § 13-3102(A)(4) violates his right to bear arms. Furthermore, he claims that because there is no official court document that says he is a danger to himself or others, or that his rights to possess a firearm have not been restored, he is entitled to gun ownership.

However, Lewis falls squarely within the "prohibited possessor" definition of A.R.S. § 13-3101(A)(7)(b) as one "[w]ho has been convicted within . . . this state of a felony . . . and whose civil right to possess or carry a gun or firearm has not been restored." There is no requirement that the court create personalized documents reiterating what the statutes already make clear. Nor has Lewis shown this statute cannot properly apply here.

## CONCLUSION

¶14      This court has read and considered counsel's brief and Lewis' pro se supplemental brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Lewis' conviction and resulting sentence are affirmed.

¶15      Upon filing of this decision, defense counsel is directed to inform Lewis of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Lewis shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: jt